628 A.2d 420

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Andrew McFADDEN.**

Superior Court of Pennsylvania.

Argued April 19, 1993.

Filed July 2, 1993.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for the Com. appellant.

Paul M. George, Asst. Public Defender, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND, McEWEN, CIRILLO, DEL SOLE, BECK, TAMILIA, JOHNSON and HUDOCK, JJ.

CIRILLO, Judge:

This is an appeal by the Commonwealth from a pre-trial order by the Court of Common Pleas suppressing the intro-

duction of a loaded, nine millimeter handgun as evidence against Andrew McFadden.[1]   We reverse.

Two police officers in a marked patrol car in Philadelphia approached McFadden.  McFadden fled, the officers pursued him and McFadden discarded a handgun in some bushes. One officer recovered the gun and the other officer arrested McFadden and charged him with carrying an unlicensed firearm on a public street.

This companion case to *Commonwealth v. Carroll,* —— Pa.Super. ——, 628 A.2d 398 (1993), decided this day, raises the same issue: whether Pennsylvania's constitution demands greater protection for a fleeing suspect than that afforded by the Fourth Amendment to the U.S. Constitution after the decision of *California v. Hodari D.,* 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).

For the reasons detailed in *Commonwealth v. Carroll, supra,* we find that the protections under the state and federal constitutions are coextensive.

Order reversed.

CAVANAUGH, J., concurs on the basis of *Commonwealth v. Carroll*'s, (No. 748 Philadelphia 1992, E01001/93), majority and concurring opinions.

JOHNSON, J., files a dissenting opinion, in which McEWEN, DEL SOLE and BECK, JJ., join.

JOHNSON, Judge, dissenting:

I respectfully dissent to the Majority's disposition of the present case.  I would rely on the reasoning presented in the Dissenting Opinion in *Commonwealth v. Carroll,* —— Pa.Super. ——, 628 A.2d 398 (1993) to affirm the suppression order of the trial court.

McEWEN, DEL SOLE and BECK, JJ., join.

---

1. The Commonwealth has certified that the suppression substantially handicaps the prosecution. *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985).